**YAN ZHEN LIN, Petitioner,**

**v.**

**Michael B. MUKASEY, United States**

Attorney General,[1] Respondent.

No. 07–0740–ag.

United States Court of Appeals,
Second Circuit.

March 4, 2008.

Lin Li, Law Office of Fengling Liu, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Nairi M. Simonian, Trial Attorney, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: ROSEMARY S. POOLER, B.D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Zhen Lin, a native and citizen of the People's Republic of China, seeks review of a February 2, 2007 order of the BIA affirming the August 26, 2005 decision of Immigration Judge ("IJ") Steven R. Abrams, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

("CAT"). *In re Yan Zhen Lin,* No. A95 673 869 (B.I.A. Feb. 2, 2007), *aff'g* No. A95 673 869 (Immig. Ct. N.Y. City Aug. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ As an initial matter, although Lin is challenging the denial of relief in "asylum-only" proceedings, this Court nonetheless has jurisdiction to review the agency's denial of her applications for relief under 8 U.S.C. § 1252(a)(1) because the denial of relief in these circumstances is the functional equivalent of a removal order. *See Kanacevic v. INS,* 448 F.3d 129, 134 (2d Cir.2006). When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *see, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Lin argues that the IJ erred in concluding that she did not establish a nexus to a protected ground, asserting that she was kidnapped and detained by her former business partner, in conjunction with the local police, on account of her opposition to government corruption. In order to show that persecution occurred or will occur on account of political opinion, an applicant must demonstrate, through either

direct or circumstantial evidence, that the persecution arises from his actual or imputed political opinion. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Where a petitioner claims to have been persecuted or to fear persecution based on her opposition to corruption, to determine whether such opposition constitutes political opinion this Court must address "whether the applicant's actions were directed toward a governing institution, or only against individuals whose corruption was aberrational, and whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated, aberrational acts of greed or malfeasance." *Yueqing Zhang,* 426 F.3d at 548 (citation and internal quotation marks omitted). The petitioner must present some evidence regarding the persecutor's motives, and that evidence must demonstrate that the persecutor was motivated, at least in part, by the petitioner's political beliefs. *See Osorio v. INS,* 18 F.3d 1017, 1025 (2d Cir.1994).

■ Here, Lin failed to produce sufficient direct or circumstantial evidence that either her former business partner or the Chinese police targeted her, even in part, on the basis of her opposition to corruption or other political opinion. *See INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). On the contrary, the record supports the conclusion that the motives of Chen and the police were purely economic and that they believed Lin's own motives in refusing to pay the money she owed to Chen were purely economic as well. Such aberrational acts of malfeasance are insufficient to establish a nexus to a protected ground. *See Yueqing Zhang,* 426 F.3d at 548. Accordingly, the IJ properly denied Lin's application for asylum and withholding of removal based on her failure to establish a nexus

between any harm she had suffered, or feared she would suffer in the future, and her political opinion.

In addition, because Lin failed to raise her CAT claim before the BIA or in her brief to this Court, we deem that claim abandoned. *See id.*, 426 F.3d at 546 n. 7.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.